IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MEKAYLA GLOVER** | * |
| | * |
| **On Behalf of Herself and Other** | * |
| **Similarly Situated Individuals,** | * |
| | * |
| **PLAINTIFF,** | * |
| | * |
| v. | *  Case No.: _____ |
| | * |
| **ROCKET CITY SHOWGIRLS, LLC,** | * |
| **d/b/a THE PONY TOO,** | * |
| | * |
| **DEFENDANT.** | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COLLECTIVE ACTION COMPLAINT

Plaintiff Mekayla Glover ("Plaintiff"), individually and on behalf of all similarly situated individuals, bring this Collective Action lawsuit against Rocket City Showgirls, LLC d/b/a The Pony Too Gentlemen's Club, located at 8700 Highway 72 W, Madison, Alabama 35758 ("Defendant"), seeking recovery of unpaid wages and damages arising from Defendant's violations of the Federal Fair Labor Standards Act ("FLSA"), as follows:

## PARTIES AND JURISDICTION

1.  Plaintiff is an adult resident of Limestone County, Alabama.

2.  Plaintiff hereby consents by affixing her name to the writing of the heading of this Complaint to act as a named plaintiff in this FLSA Collective Action.

3.  Defendant is a corporation formed under the laws of the State of Alabama.

4.  At all times during the period 2020, through the present, Defendant has maintained its principal place of business, its Pony Too Gentlemen's Club, in Madison County, Alabama.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves a federal question under the FLSA.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. At all times during the period 2020, through the present, Defendant qualified as an enterprise engaged in commerce under the FLSA because, in each relevant year, Defendant sold food and beverages that passed in interstate commerce and had annual gross volume of sales or revenue exceeding $500,000.00.

8. Pursuant to the FLSA statutory definition, Defendant was Plaintiff's employer and the employer of all other similarly situated individuals that worked or performed as exotic dancers for, at, or in Defendant's Pony Too Gentlemen's Club, and/or any prior entity to which Defendant is the legal successor, during the period September 2020, through the date of judgment in this case (the "Class Members" within the "Relevant Period").

## FACTS

9. Plaintiff was employed by Defendant to work or perform exotic dancer job duties for, at, or in Defendant's Pony Too Gentlemen's Club during the period of about August 2021, through May 2023.

10. During the Relevant Period, Defendant employed Plaintiff and more than fifty (50) Class Members to work or perform exotic dancer job duties for, at, or in Defendant's Pony Too Gentlemen's Club.

11. During the Relevant Period, the number of shifts Plaintiff and the Class Members worked or performed per week as exotic dancers for, at, or in Defendant's Pony Too Gentlemen's Club was subject to the selection and discretion of Defendant and its management.

12. During the period of Plaintiff's employment, Plaintiff customarily worked or performed exotic dancer job duties for, at, or in Defendant's Pony Too Gentlemen's Club about 4-6 shifts per week, for an average of about 30-35 hours per week.

13. During the Relevant Period, Defendant had actual knowledge of all shifts and hours Plaintiff and each Class Member worked or performed each week as exotic dancers for, at, or in Defendant's Pony Too Gentlemen's Club.

14. During the Relevant Period, Defendant classified Plaintiff and each Class Member that worked or performed as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club as a non-employee independent contractor.

15. During the Relevant Period, Defendant paid no wages and/or any other form of compensation to Plaintiff or to any other Class Members that worked or performed as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club.

16. During the Relevant Period, as a condition of Plaintiff and each Class Member working or performing her shift as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club, Defendant required that Plaintiff and each Class Member pay Defendant a fee, surcharge, or kickback.

17. During the Relevant Period, as a condition of Plaintiff and each Class Member working or performing her shift as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club, Defendant required Plaintiff and each Class Member to deduct and/or assign a portion of the tips or gratuities Plaintiff and each Class Member received from Defendant's customers for payment directly to Defendant's DJ, security, and House Mom.

18. During the Relevant Period, Defendant had and held the full right and authority to control the job duties Plaintiff and the Class Members performed as exotic dancers for, at, or in

Defendant's Pony Too Gentlemen's Club through rules and policies enforced at the sole discretion of Defendant's managers.

19. During the Relevant Period, Defendant controlled the method by which Plaintiff and the Class Members could earn tips while working or performing as exotic dancers for, at, or in Defendant's Pony Too Club, by controlling and dictating if, when, and during what shifts Plaintiff and the Class Members were permitted to work or perform, establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions.

20. During the Relevant Period, Defendant required Plaintiff and the Class Members to perform private and semi-private dances for, at, or in Defendant's Pony Too Gentlemen's Club under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

21. During the Relevant Period, Defendant held and retained full authority and ability to discipline, fine, and/or fire Plaintiff and each Class Member and/or adjust Plaintiff and each Class Member's work or shift schedules.

22. Prior to and/or during the Relevant Period, Defendant conducted initial interviews, auditions, and vetting for Plaintiff and each Class Member and, at Defendant's sole discretion, Defendant could deny Plaintiff or any Class Members access or ability to work or perform as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club.

23. During the Relevant Period, Defendant held the full right and authority to suspend or send Plaintiff or any Class Member home or away from Defendant's Pony Too Gentlemen's Club if Defendant believed Plaintiff or any Class Member violated Defendant's rules or policies and/or if Defendant, at its discretion, did not want Plaintiff or any Class Member to work or perform as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club.

24.     Prior to and/and during the Relevant Period, as a condition of employment with Defendant as an exotic dancer working or performing for, at, or in Defendant's Pony Too Gentlemen's Club, Defendant did not require Plaintiff or any Class Member to have or possess any requisite certification, education, or specialized training.

25.     During the Relevant Period, Defendant had actual or constructive knowledge that its failure to pay any wages to Plaintiff and the Class Members for hours Plaintiff and the Class Members worked or performed as exotic dancers for, at, or in Defendant's Pony Too Gentlemen's Club was in direct violation of the FLSA minimum wage compensation requirement.

26.     During the Relevant Period, Defendant had actual or constructive knowledge that its charging of per-shift entrance fees and charging and/or assignment of earned tips or gratuities was in direct violation of the FLSA.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF THE FLSA

27.     Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

28.     During the Relevant Period, the FLSA required Defendant to pay Plaintiff at an hourly rate at least equal to the Federal Minimum Wage for all hours she worked or performed as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club, free and clear of kickbacks and wage deductions.

29.     During the Relevant Period, the FLSA required that Defendant allow Plaintiff to keep and retain all tips and gratuities Plaintiff received from Defendant's customers for working or performing as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club.

30. Defendant violated the FLSA by failing to pay Plaintiff any wages for all compensable hours Plaintiff worked or performed as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club.

31. Defendant violated the FLSA by unlawfully keeping and/or assigning tips and gratuities Plaintiff earned and received from Defendant's customers while working or performing as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club.

32. Defendant's violations of Plaintiff's rights under the FLSA willful, knowing, intentional, and was not in good faith.

WHEREFORE, Plaintiff prays this Honorable Court enter an Order of judgment in favor of Plaintiff and against Defendant in the amount of (i) a return of all fees, deductions, and/or kickbacks paid by Plaintiff to Defendant; (ii) a return to Plaintiff of all tips or gratuities deducted or assigned from Plaintiff by Defendant; (iii) payment of wages at the full Federal Minimum Wage Rate for all hours worked; (iv) statutory liquidated damages in an equal amount to the total sum of the foregoing; and (v) payment of Plaintiff's attorney's fees and costs.

## COUNT II
## FLSA COLLECTIVE ACTION CERTIFICATION

33. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

34. Plaintiff brings her FLSA claim in this action on behalf of herself and Class Members who worked or performed as exotic dancers for, at, or in Defendant's Pony Too Gentlemen's Club during the Relevant Period.

35. During the Relevant Period, Defendant willfully, knowingly, and intentionally misclassified Plaintiff and each Class Member as a non-employee independent contractor rather than as Defendant's employees under the FLSA.

36. During the Relevant Period, Defendant willfully, knowingly, and intentionally violated the FLSA on a class-wide basis by failing to pay Plaintiff and the Class Members any wages for all compensable hours Plaintiff and the Class Members worked or performed as exotic dancers for, at, or in Defendant's Pony Too Gentlemen's Club.

37. During the Relevant Period, Defendant willfully, knowingly, and intentionally violated the FLSA on a class-wide basis by unlawfully keeping and/or assigning tips and gratuities Plaintiff and each Class Member earned and received from Defendant's customers while working or performing as exotic dancers for, at, or in Defendant's Pony Too Gentlemen's Club.

38. Defendant owes Plaintiff and each Class Member earned back wages equal to the Federal Minimum Wage for each hour Plaintiff and each Class Member worked or performed as an exotic dancer for, at, or in Defendant's Pony Too Gentlemen's Club during the Relevant Period.

39. Defendant owes Plaintiff and each Class Member full reimbursement for all fees, surcharges, and/or kickbacks charged or assessed against Plaintiff each Class Member during the Relevant Period.

40. Defendant owes Plaintiff and each Class Member full reimbursement for all tips or gratuities deducted or assigned from Plaintiff and each Class Member during the Relevant Period.

WHEREFORE, Plaintiff prays this Honorable Court (i) enter an Order Conditionally Certifying the FLSA Collective pursuant to FLSA Section 216(b); and (ii) enter an Order of judgment in favor of each Class Member that opts-in to this action and against Defendant in the amount of (a) a return of all fees, deductions, and/or kickbacks paid by each opt-in Class Member to Defendant during the Relevant Period; (b) a return of all tips or gratuities deducted or assigned by Defendant from each Class Member during the Relevant Period; (c) payment of wages at the full Federal Minimum Wage Rate for all hours worked by each Class Member for the entirety of

the Relevant Period; (d) statutory liquidated damages in an equal amount to the total sum of the foregoing; and (e) payment of each Class Member's attorney's fees and costs.

This the 21st day of September, 2023.

                                            Respectfully submitted,

                                            /s/ David A. Hughes
                                            David A. Hughes
                                            2121 14th Street
                                            Tuscaloosa, Alabama 35401
                                            Telephone: (205) 523-0463
                                            Facsimile: (205) 756-4463
                                            Ala. Bar No. 3923-U82D
                                            dhughes@hardinhughes.com
                                            ***Local Counsel for Plaintiff and the Class/Collective***


                                            ZIPIN, AMSTER & GREENBERG, LLC

                                            /s/ Gregg C. Greenberg
                                            Gregg C. Greenberg, to be admitted *pro hac vice*
                                            8757 Georgia Avenue, Suite 400
                                            Silver Spring, Maryland 20910
                                            Phone:  301-587-9373
                                            Fax:  240-839-9142
                                            Email: GGreenberg@ZAGFirm.Com
                                            ***Lead Counsel for Plaintiff and the Class/Collective***
                                            *PHV Motion to be Filed*

                **PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

Rocket City Showgirls, LLC
d/b/a The Pony Too
c/o Zak Phillips
141 Ware Drive, NE                                           *
Huntsville, Alabama 35811